UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENTRAY WILLIAMS,

      Petitioner,

v.

STEVEN RIVARD,

      Defendant.

Case No. 12-13404
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S "MOTION TO AMEND PENDING HABEAS PETITION OR
REQUESTING TEMPORARY DISMISSAL TO ALLOW EXHAUSTION OF
ADDITIONAL CLAIMS" [10]**

---

Petitioner Sentray Williams, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on August 2, 2012 . (Dkt. 1.) Respondent filed an answer in opposition. (Dkt. 9.) Now before the Court is Petitioner's "Motion to Amend Pending Habeas Petition or Requesting Temporary Dismissal to Allow Exhaustion of Additional Claims." (Dkt. 10.) Petitioner seeks to amend his petition to add unspecified unexhausted claims because, he argues, attempting to exhaust those claims would be futile. In the alternative, he seeks dismissal of the petition to allow him to exhaust the unexhausted claims. The Court will not excuse the exhaustion requirement simply because Petitioner believes his chances of success in state court are slim. But Petitioner's requested alternative relief, dismissal of the petition without prejudice to allow for exhaustion of state court remedies, is available and appropriate in this case. Therefore, the Court GRANTS IN PART Petitioner's motion and will dismiss the petition without prejudice.

**I.**

Petitioner pleaded guilty in Saginaw County Circuit Court to second-degree murder, carrying a weapon with unlawful intent, felon in possession of a firearm, and three counts of felony firearm. He was sentenced on August 10, 2010, to twenty to forty years' imprisonment for the murder conviction, three to seven-and-a-half years' imprisonment for the carrying-a-weapon-with-unlawful-intent and felon-in-possession convictions, and three terms of two years' imprisonment for each of the felony firearm convictions.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, arguing that he should be permitted to withdraw his plea because counsel was ineffective in allowing a plea where a plausible self-defense argument existed. The Michigan Court of Appeals denied leave to appeal. *People v. Williams*, No. 305181 (Mich. Ct. App. Sept. 2, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Williams*, 491 Mich. 853 (Mich. March 5, 2012).

Petitioner filed the pending habeas petition on August 12, 2012. (Dkt. 1.) The single claim in the Petition is the same ineffective assistance of counsel claim raised in state court. Respondent filed an answer in opposition, arguing that the state court's denial of this claim was reasonable. Petitioner filed the present motion on November 22, 2013. (Dkt. 10.) By his motion, Petitioner seeks leave to amend his Petition to add unidentified unexhausted claims or, in the alternative, for dismissal without prejudice so that he may exhaust his state court remedies for additional claims that he did not present in state court on direct appeal.

## II.

Currently, the Petition contains only the ineffective assistance of counsel claim, which was raised and denied through each level of the Michigan state courts. Petitioner now seeks to add certain unidentified but unexhausted claims to his Petition and asks the Court to excuse him from the exhaustion requirement with respect to these claims. Petitioner's argument that he has a low chance of success does not justify excusing the exhaustion requirement.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine requires prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) & (c); *O'Sullivan*, 526 U.S. at 844. To properly exhaust state court remedies, a prisoner must invoke one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court, which, in Michigan, means a petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. See *O'Sullivan*, 526 U.S. at 845. The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994), citing *Darr v. Burford*, 339 U.S. 200, 218–19 (1950).

A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The requirement may be excused only if there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In this case, a procedure is available for exhaustion of Petitioner's state court remedies. He may file a motion for relief from judgment in

3

the Saginaw County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner argues that the Court should nevertheless excuse the exhaustion requirement because he calculates his chances of obtaining relief as being less than one percent. He attributes this slim chance of success to the Michigan courts' denial of the overwhelming majority of motions for post-conviction collateral relief, Petitioner's own unfamiliarity with the law, and his lack of sufficient legal resources. These reasons, either considered individually or collectively, do not justify excusing the exhaustion requirement. Courts routinely refuse to excuse the exhaustion requirement based upon a petitioner's own assessment that the likelihood of success in state court is remote. *See Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) ("'[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'"), quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 141 (3d Cir. 1986) ("[I]f we permitted such a prediction [of unlikely success] to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine.").

Indeed, allowing the anticipated likelihood of success to excuse exhaustion would be both contrary to the rule and unworkable. First, assuming the truth of Petitioner's statements about the likelihood that a post-conviction motion will be successful, the vast majority of defendants who seek such relief are undertaking an exercise in futility. Therefore, under Petitioner's proposal, the exhaustion requirement would be rendered the exception rather than

4

the rule. *Cf. Wright v. Warden, FCI-Cumberland*, 2010 WL 1258181, *1 (D. Md. March 24, 2010) ("Allowing a petitioner [in a proceeding under § 2241] to avoid the administrative process based on a mere conclusory assertion [that the administrative process will be unsuccessful] would allow the futility exception to swallow the exhaustion." (internal quotation omitted)). Second, Petitioner does not propose how to determine at the outset which state post-conviction motions will be futile and thus, those for which exhaustion should not be required. Nor does he identify the unexhausted claims he wishes to add to his petition. This renders any merits-based exception impossible to implement.

Additionally, Petitioner's unfamiliarity with the law and limited legal resources do not distinguish him from the vast majority of other prisoners and are insufficient to excuse the exhaustion requirement. A litigant's "pro se status and ignorance of his rights" do not excuse the failure to exhaust state court remedies. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Thus, the Court will not excuse the exhaustion requirement in order to allow Petitioner to proceed on unexhausted claims in federal court.

### III.

In the alternative, Petitioner has asked the Court to dismiss his Petition without prejudice so that he may pursue additional claims to exhaustion in the state courts. Before granting the request for dismissal, the Court first considers the question of whether dismissal without prejudice to allow for exhaustion of state court remedies would jeopardize the timeliness of a future petition. The Court concludes that it would not.

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction

proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, Petitioner has not shown that he lacks enough time to file and obtain rulings on his anticipated post-conviction motions. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720–21 (6th Cir. 2002). In this case, however, the limitations period should not pose a problem if the petitioner acts diligently. The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 5, 2012. Petitioner's convictions then became final ninety days later, on June 3, 2012, when the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, June 4, 2012. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on July 23, 2012, after only approximately seven weeks of the limitations period elapsed.

While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled

by this Court. *Johnson v. Warren*, 344 F.Supp.2d 1081, 1088–89 (E.D. Mich. 2004). Assuming that Petitioner promptly files an appropriate post-conviction motion in the state court, the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, No. 11-3784, — F.3d —, 2014 WL 1388837, at *3 (6th Cir. Apr. 10, 2014) (citing 28 U.S.C. § 2244(d)(2)).

Because the AEDPA statute of limitations does not raise timeliness concerns for a future petition in this case, the Court finds that Petitioner's requested relief of dismissal without prejudice is appropriate.

## IV.

Accordingly, it is **ORDERED** that Petitioner's "Motion to Amend Pending Habeas Petition or Requesting Temporary Dismissal to Allow Exhaustion of Additional Claims" is **GRANTED IN PART AND DENIED IN PART**. The Court denies Petitioner's request to excuse the exhaustion requirement and amend the petition to include unexhausted claims. The Court grants Petitioner's request to dismiss the petition without prejudice to allow for the exhaustion of state court remedies.

The matter is **DISMISSED WITHOUT PREJUDICE**.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated: August 25, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 25, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson